UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                                     **Hon. Hugh B. Scott**

v.

                                     08CR6S

                                     **Report**
                                      **&**
KETSANA PHALOM,                     **Recommendation**

Defendant.

This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(C) (Docket No. 20). The instant matter before the Court is defendant's omnibus motion (Docket No. 24), in particular defendant's motion to dismiss the Indictment on constitutional speedy trial grounds (id., Def. Atty. Affirm. ¶¶ 39-46) and his motion to suppress his statements (or to conduct a suppression hearing) (id. ¶¶ 33-38). The Government responded (Docket No. 25) arguing that defendant did not submit an affidavit raising a factual dispute as to the issues for a suppression hearing (id. at 14-15). This motion was argued on March 1, 2013, and the Court sought further briefing from the parties on two issues: when the Sixth Amendment right to a speedy trial accrues and whether defendant needed to submit an affidavit in support of his motion to suppress his statements. Briefing was due on March 20, 2013 (Docket No. 28); the Government (Docket No. 29) and defendant (Docket No. 31) submitted timely papers. This motion was deemed submitted on March 20, 2013.

## BACKGROUND

I.  Proceedings Under Criminal Complaint

Defendant was arrested on February 24, 2003, pursuant to a criminal Complaint that alleged that he imported a Schedule I controlled substance (Ecstacy) in violation of 21 U.S.C. §§ 952 and 960, United States v. Phalom, No. 03-M-2047, Docket No. 1.

Defendant made his initial appearance, see Fed. R. Cr. P. 5, on the criminal Complaint on February 24, 2003, id., Docket No. 2, and was released on bail, id. Docket Nos. 2, 3, 4, 5. The preliminary hearing in this matter was adjourned numerous times on representations of the parties that they were negotiating a plea resolution, id., Docket Nos. 6, 7, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19. Defendant now argues that the twenty-month period from February 2003 to October 2004 when the preliminary hearing was adjourned should not be charged to the Government as delay (Docket No. 31, Def. Memo. at 7). A change of plea hearing was scheduled before the District Court on October 26, 2004, United States v. Phalom, No. 03-M-2047, text entry, Oct. 21, 2004; see also id., Docket No. 20. Defendant failed to appear at this proceeding and an arrest warrant was issued for defendant, id., minute entry, Oct. 26, 2004. According to defendant, the arrest warrant was signed on November 2, 2004 (Docket No. 31, Def. Memo. at 4). A November 16, 2004, preliminary hearing before the undersigned, cf. United States v. Phalom, No. 03-M-2047, Docket No. 20, also was not held. This Court formally dismissed the criminal Complaint on July 10, 2012, United States v. Phalom, No. 03-M-2047, Docket No. 26.

Defendant argues that the statute of limitations for this offense would run on February 21, 2008 (Docket No. 31, Def. Memo. at 4).

II.   Indictment, Phalom, No. 08CR6

Defendant was indicted in a three-count Indictment, filed on January 16, 2008, United States v. Phalom, No. 08CR6, Docket No. 1.  Count 1 alleges that, on or about February 21, 2003, defendant knowingly, intentionally, and unlawfully imported MDA and MDMA from Canada into this country, in violation of 21 U.S.C. §§ 952(a) and 960(a)(1) (Docket No. 1). Count 2 alleges that, on the same date, defendant fraudulently and knowingly imported MDA and MDMA into the United States contrary to 19 U.S.C. § 1461 and regulations thereunder in failing to declare and unload merchandise imported or brought into this country, in violation of 18 U.S.C. § 545 (id.).  Count 3 alleges that, on or about October 26, 2004, and November 16, 2004, defendant knowingly and willfully failed to appear at two Court proceedings while facing felony charges and released on conditions, in violation of 18 U.S.C. § 3146(a)(1), (b)(1)(A)(i) (id.), with the latter date being the missed preliminary hearing, cf. United States v. Phalom, No. 03-M-2047, Docket No. 20.

The Government presented a series of due diligence reports to Chief Judge Skretny (Docket Nos. 3, 5, 8, 10, 16, 18), starting on May 4, 2009, regarding its efforts to locate and apprehend defendant, with Chief Judge Skrenty finding that due diligence had been satisfied (Docket Nos. 2, 4, 6, 7, 11, 15, 17, 19), the last due diligence report was accepted on July 11, 2012 (Docket No. 19).  Defendant was arraigned on October 24, 2012 (text minute entry, Oct. 24, 2012).  On November 7, 2012, defendant was detained and a schedule was entered (text minute entry, Nov. 7, 2012).

The 2003 criminal Complaint was not merged into this Indictment.

Defendant filed the present omnibus motion (Docket No. 24) including a motion to dismiss the Indictment for violation of defendant's Sixth Amendment speedy trial rights (id., Def. Atty. Supporting Affirm. ¶¶ 39-46). Defendant argues that the Government failed to exercise due diligence in pursuing this prosecution (id. ¶ 44). In response to this motion to dismiss, the Government argues that the sole reason for the delay was due to defendant fleeing the jurisdiction (Docket No. 25, Gov't Response at 16; Docket No. 29, Gov't Memo. at 3).

## DISCUSSION

I.  Starting Point for Speedy Trial Analysis

This Court posed the question when does the calculation of speedy trial under the Sixth Amendment start? In other words, what is the "formal accusation," Doggert v. United States, 505 U.S. 647, 654 (1992) ("unreasonable delay between formal accusation and trial") (Docket No. 31, Def. Memo. at 5); see also id. at 655 ("once triggered by arrest, indictment, or other official accusation," speedy trial right accrues), in this case. The next question is whether the Government exercised due diligence in locating defendant from that start date.

The Government argues that defendant's Sixth Amendment speedy trial rights commenced with the return of the Indictment, on January 16, 2008 (Docket No. 29, Gov't Memo. at 2), see United States v. Marion, 404 U.S. 307, 320 (1971). Defendant counters that the date of the filing of the criminal Complaint, on February 21,2 003, is the relevant starting point since defendant was advised of the charges against him and was arrested (Docket No. 31, Def. Memo. at 4).

"The Sixth Amendment guarantees that, '[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy . . . trial . . . ,'" Doggert, supra, 505 U.S. at 651. As noted by the

4

Marion Court, supra, 404 U.S. at 320, the Sixth Amendment speedy trial guarantee is "'an important safeguard to prevent undue and oppressive incarceration prior to trial, to minimize anxiety and concern accompanying public accusation and to limit the possibilities that long delay will impair the ability of the accused to defend himself.' United States v. Ewell, 383 U.S. 116, 120 (1966), . . . ." "Inordinate delay between arrest, indictment, and trial may impair a defendant's ability to present an effective defense," id. at 320. On its face, the Sixth Amendment "is activated only when a criminal prosecution has begun and extends only to those persons who have been 'accused' in the course of that prosecution," id. at 313. The Court noted that indictments have not been dismissed for pre-indictment delay, id. at 315 & n.8; United States v. Elsbery, 602 F.2d 1054, 1058 (2d Cir. 1979). The Marion Court concluded "that it is either formal indictment or information or else the actual restraints imposed by arrest and holding to answer to a criminal charge that engage the particular protections of the speedy trial provision of the Sixth Amendment," Marion, supra, 404 U.S. at 320. Invocation of that provision "need not await indictment, information, or other formal charge," id. at 320-21, but the Court did not extend the reach of the Sixth Amendment to the period prior to arrest, id. at 321. The Court tied the protections of that provision to when a person's liberty is restrained and held to answer charges, id.

While defendant was arrested pursuant to a criminal Complaint for the violations of 21 U.S.C. §§ 952 and 960, he was later indicted for those offenses and for failing to appear under 18 U.S.C. §§ 545 and 3146. A criminal Complaint is a written statement of the essential facts constituting the offense charged, Fed. R. Cr. P. 3; it is not a charging or accusatory instrument, see Fed. R. Cr. P. 12(a) (pleadings in a criminal proceeding are indictment, information, and

5

pleas of guilty, not guilty, or nolo contendere); 24 Moore's Federal Practice--Criminal § 603.02[1] (2013). Defendant's argument distinguishing Marion because that case did not involve an arrest or "accusatory instrument" (Docket No. 31, Def. Memo. at 3, 7-8) does not prevail. The criminal Complaint essentially is an application for an arrest warrant, see Fed. R. Cr. P. 4(a); Gaither v. United States, 413 F.2d 1061, 1076 & n.45 (D.C. Cir. 1969) (quoting 8 J.W. Moore, Federal Practice ¶ 3.02 (Cipes ed. 1968)); 24 Moore's Federal Practice--Criminal § 603.02[1], supra.

The Complaint and the Indictment in this case charge different (albeit related) offenses. Both documents charge defendant with violating 21 U.S.C. §§ 925 and 960, but the Indictment also charges with fraudulently importing MDA and MDMA in violation of federal statutes and regulations, and defendant's failure to appear at two Court proceedings relative to the criminal Complaint offense (Docket No. 1, Indict.; but cf. United States v. Phalom, No. 03-M-2047, Docket No. 1, Crim. Compl.).

Here, the criminal Complaint was never merged with the Indictment in this case. No due diligence reports were filed for the criminal Complaint. The relevant commencement is the Indictment, from January 16, 2008. While defendant was accused of what later was alleged as Count 1, he was not formally accused of the offenses in Counts 2 and 3. The speedy trial protection of the Sixth Amendment only begins when a person is accused, Marion, supra, 404 U.S. at 313. The Indictment of January 2008 formally accused defendant of all three counts. Defendant was released on bail for much of the duration of the criminal Complaint and he was arrested under the arrest warrant for his failure to appear in the criminal Complaint proceeding, so the arrest trigger defendant argues does not start the constitutional speedy trial period. Pre-

6

Indictment time, including the period here from the arrest under the criminal Complaint, does not count, see Marion, supra, 404 U.S. at 315 & n.8.

The issue then is whether there was unconstitutional delay in failing to prosecute defendant's case from January 2008 to his arraignment in October 2012. After January 2008, Chief Judge Skretny has accepted due diligence reports made by the Government up to the period of defendant's arraignment (Docket Nos. 2, 4, 6, 7, 11, 15, 17, 19).

II.     Standing for Suppression of Statements

Defendant seeks to suppress statements he allegedly made at the time of his arrest (Docket No. 24, Def. Atty. Affirm. ¶¶ 33-38; see Docket No. 31, Def. Memo. at 10). The Government argues that defendant cannot rely upon the Government's submissions to establish his standing to seek suppression (Docket No. 29, Gov't Memo. at 3-4), United States v. Singleton, 987 F.2d 1444, 1448-49 (9th Cir. 1993); United States v. Cody, 434 F. Supp. 2d 157, 167 (S.D.N.Y. 2006). Defendant contends that the Government's cases do not stand for this proposition and that there are factual issues (arising from the Government's papers) as to whether defendant was advised of his rights, whether he understood them (or the English language) which would require a hearing (Docket No. 31, Def. Memo. at 10). In Cody, the District Court held that defendant lacked standing to consent to entry into a room or to search it, 434 F. Supp. 2d at 167. In Singleton, that case involved standing to search a premises, 987 F.2d at 1446.

Here, defendant is seeking suppression of his statements following his arrest, not to search a particular premises. Standing allows a defendant to contest a search, see, e.g., United States v. Wright, 525 F. Supp. 2d 328, 335 (W.D.N.Y. 2007) (Scott, Mag. J.) (Report & Rec.), this is distinct from suppression of statements made by the defendant that the Government

7

intends to use against him, see id. at 335, 336 (treating separately motions to suppress seized items and statements). Defendant is seeking to suppress his own statements and not of others for which he would lack standing, Rakas v. Illinois, 439 U.S. 128, 133-34 (1978); United States v. de los Santos, 904 F. Supp. 91, 92 n.1 (N.D.N.Y 1995). Thus, standing to make the suppression motion is not the issue.

Defendant must first demonstrate that an evidentiary hearing as to this issue is warranted in this case from the testimony of someone with personal knowledge of the facts in dispute. United States v. Richardson, 837 F. Supp. 570, 572 (S.D.N.Y. 1993) (evidentiary hearing not required where defendant failed to make specific factual allegations of illegality based upon personal knowledge but defense counsel merely alleged that defendant did not knowingly waive his rights before answering questions); United States v. Caruso, 684 F. Supp. 84, 87 (S.D.N.Y. 1988) ("without a supporting affidavit of someone with personal knowledge of the underlying facts, the court need not resolve factual disputes that may be presented by the moving papers," denying hearing); see also United States v. Watson, 404 F.3d 163, 166 (2d Cir. 2005) (Docket No. 29, Gov't Memo. at 4). In Richardson, the district court still scheduled the hearing and allowed defendant to attest to his attorney's affidavit for the hearing to go forward, 837 F. Supp. at 572. Here, defendant's attorney argued the facts of his client's questioning and statement in counsel's affirmation (Docket No. 24, Def. Atty. Affirm. ¶¶ 33-38; see also Docket No. 31, Def. Memo. at 10), but not in defendant's affidavit. The Government agent's affidavit (see Docket No. 31, Def. Memo. at 10) only raises the Government's version of what happened; it is defense counsel's contrary argument that raises the potential hearing issues. Defense counsel lacks

personal knowledge of the facts asserted, see, e.g., United States v. Ahmad, 992 F. Supp. 682, 685 (S.D.N.Y. 1998); Caruso, supra, 684 F. Supp. at 87.

In order to hold an evidentiary hearing, defendant is to submit an affidavit asserting facts within his personal knowledge to raise factual issues.

## CONCLUSION

Based upon the above, it is recommended that so much of defendant's omnibus motion (Docket No. 24) seeking dismissal of the Indictment on Sixth Amendment speedy trial grounds should be **denied**. The Government's insistence (Docket No. 25, Gov't Response at 14-15; Docket No. 29) that defendant submit an affidavit in support of his motion to suppress statements (Docket No. 24, Def. Atty. Affirm. ¶¶ 33-38) is **granted**; this Court will set a suppression hearing once defendant files such an affidavit, cf. Richardson, supra, 837 F. Supp. at 572.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) (effective December 1, 2009) and W.D.N.Y. Local Civil Rule 72.3(a).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME OR TO REQUEST AN EXTENSION OF SUCH TIME WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S**

**ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on de novo review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

SO ORDERED.

                                          */s/ Hugh B. Scott*
                                          Hon. Hugh B. Scott
                                          United States Magistrate Judge

Dated: Buffalo, New York
       March 27, 2013